UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re: )
David Robert O'Flynn and )
Pamela Sue O'Flynn ) Case No. 12-13117-RLM-13
Debtor(s). )

# CHAPTER 13 PLAN
Original ___   Amended Plan # **2**

## 1. GENERAL PROVISIONS:

(a) **YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court. If you have a secured claim, this plan may modify your lien if you do not object to the plan.

(b) **PROOFS OF CLAIM:** This plan does not allow claims. You must file a proof of claim to receive pre-confirmation adequate protection payments and to receive distribution under a confirmed plan. The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court. All claims that are secured by a security interest in real estate shall comply with the requirements of B.R. 3001(c) without regard to whether the real estate is the debtor's principal residence.

(c) **NOTICES RELATING TO MORTGAGES:** All creditors with claims secured by a security interest in real estate shall comply with the requirements of B.R. 3002.1 without regard to whether the real estate is the debtor's principal residence. In addition to the requirements of B.R. 3002.1, should there be a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Bankruptcy Court and serve upon the debtor, debtor's counsel and the Chapter 13 Trustee a Notice setting forth the change and providing the name of the servicer, the payment address, a contact phone number and a contact e-mail address.

(d) **NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 7(c) (whose rights are not being modified) or in Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or the Trustee notwithstanding the automatic stay.

(e) **ADEQUATE PROTECTION PAYMENTS:** In accordance with Local Rule B3015-3, any adequate protection payment offers shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted. The Chapter 13 Trustee ("Trustee") shall disburse such payments to the secured creditor as soon as practicable after receiving plan payments from the debtor, and the allowable secured claim will be reduced accordingly. All adequate protection payments shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor.

(f) **EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

(g) **PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

## 2. SUBMISSION OF INCOME:
Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the debtor as is necessary for the execution of this plan.

**3. PAYMENT AND LENGTH OF PLAN:** Debtor shall pay **$1,000.00 per month** to the Chapter 13 Trustee, starting not later than 30 days after the order for relief, for approximately **60 months**, for a total amount of **$60,000.00**.

Additional payments to Trustee: Debtors shall turnover one-half of their federal income tax returns during the life of the plan no later than April 30 of the following calendar year, beginning with one-half of the 2012 federal income tax refund being turned over no later than April 30, 2013. Debtors shall provide the Chapter 13 Trustee with a copy of their federal income tax return for the preceding calendar year no later then April 30 each year so the Trustee can verify compliance with this provision.

**4. ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**
All administrative claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| **Tom Scott & Associates** | **Attorney Fees** | $ 3,300.00 |

**5. DOMESTIC SUPPORT OBLIGATIONS:** The following Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
| **N/A** | | | |

**DEBTOR IS REQUIRED TO PAY ANY PAYMENTS FALLING DUE AFTER THE FILING OF THE CASE PURSUANT TO A DOMESTIC SUPPORT ORDER DIRECTLY TO THE PAYEE IN ORDER FOR THIS PLAN TO BE CONFIRMED AND FOR DEBTOR TO RECEIVE A DISCHARGE FROM THE COURT UPON COMPLETION OF PLAN PAYMENTS HEREIN.**

**6. SECURED CLAIMS RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE-CURING DEFAULTS AND/OR MAINTAINING PAYMENTS (INCLUSIVE OF REAL ESTATE TAXES AND HOMEOWNER'S ASSOCIATION ARREARS):** If there is a pre-petition arrearage claim on a mortgage secured by the debtor's principal residence, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the debtor may pay the secured creditor directly. Estimated Currently Monthly Installment listed below shall be adjusted based on filed claim and/or notice.

| Creditor | Residential Address | Estimated Arrears | Estimated Current Monthly Installment | Trustee Pay | Direct Pay |
|---|---|---|---|---|---|
| **Wells Fargo Home Mtge.** | **9266 North 400 East Greenfield, IN 46140** | $0.00 | $1,290.00 | | ✓ |
| **GMAC Mortgage** | **9266 North 400 East Greenfield, IN 46140** | $1,800.00 | $563.00 | ✓ | |
| **Springleaf Fin. Services of IN** | **9266 North 400 East Greenfield, IN 46140** | **Judgment lien $8,184.07 plus 8% interest** | N/A | ✓ | |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

**7. SECURED CLAIMS OTHER THAN CLAIMS RELATING TO THE DEBTOR'S PRINCIPAL RESIDENCE:** After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (a)(6) or (b)(7) based upon the amount of the claim [(Para. 7(a), column (4)] or value offer [(Para. 7(b), column (5)] with interest at the rate stated in column (a)(5) or (b)(6).

(a) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Not Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Estimated Claim Amount | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount (1% of allowed s/c) |
|---|---|---|---|---|---|---|
| **Springleaf Financial Services of IN** | **2005 Chevrolet Cobalt** | **2009** | **$3,009.44** | **20.54%** | **$200.00** | **$30.09** |
| **Huntington National Bank** | **2005 Ford F-150** | **2006** | **$896.72** | **13.99%** | **$50.00** | **$8.96** |

Additional plan offer, if any, as relates to above claim(s): **Pursuant to §1326, Section 7(a) of this Chapter 13 Plan shall be clarified as follows: EMA payments to secured creditors to begin in month 6 of plan or after administrative claims are paid in full.**

(b) **Secured Claims to Which 11 U.S.C. 506 Valuation is Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Scheduled Debt | (5) Value | (6) Interest Rate | (7) Equal Monthly Amount | (8) Adequate Protection Amount (1% of allowed s/c |
|---|---|---|---|---|---|---|---|
| **N/A** | | | | | | | |
| | | | | | | | |

Additional plan offer, if any, as relates to above claim(s): **Pursuant to §1326, Section 7(b) of this Chapter 13 Plan shall be clarified as follows: EMA payments to secured creditors to begin in month 15 of plan or after administrative claims are paid in full.**

(c) **Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate (if any) |
|---|---|---|---|
| **N/A** | | | |

(d) **Surrendered/Abandoned Collateral:** The debtor intends to surrender, and, upon confirmation, the Chapter 13 estate abandons any interest in the following collateral:

| Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| **N/A** | | |

**8. SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise:

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
| **Indiana Dept. of Revenue** | **2009-2011 income taxes** | **$3,088.59** | **Pay in full through the plan via Trustee payments.** |
|  |  |  |  |
|  |  |  |  |

**9. NON-PRIORITY UNSECURED CLAIMS:**
   **(a) Separately Classified or Long-term Debts:**

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| **N/A** |  |  |  |  |
|  |  |  |  |  |

   **(b) General Unsecured Claims:**
   ✓ Pro rata distribution from any remaining funds; or
   ___ Other: _____.

**10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are **REJECTED**, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| **N/A** |  |  |
|  |  |  |

**11. AVOIDANCE OF LIENS:** Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| **N/A** |  |  |
|  |  |  |
|  |  |  |

**12. <u>LIEN RETENTION:</u>**  With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C.1328.

**13. <u>VESTING OF PROPERTY OF THE ESTATE:</u>**  Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the debtor upon confirmation of the debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306.

**14. <u>MISCELLANEOUS PROVISIONS:</u>**

  ____ Payments shall be made by direct payment because _____; or,
  ✓ Payments shall be made by Wage Assignment @ $231.00 weekly from Mr. O'Flynn's payroll at Wilhelm.

*Debtor's Signature:*  /s/  David R. O'Flynn

*Date:* **5/13/2013**

*Debtor's Signature:*  /s/  Pamela S. O'Flynn

*Date:* **5/13/2013**

*Attorney's Signature:*  /s/ Jess M. Smith III
  Tom Scott & Associates, Attorneys for Debtor(s)
  5140 Madison Ave., Suite 1B
  Indianapolis, IN  46227
  Phone:  (317) 786-6113    Fax: (317) 786-6119
  E-mail: bcrowe@tomscottlaw.com

*Date:***5/13/2013**